FILED

2012 Mar-07  PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CONSTANCE P. HAWKINS,          }
                               }
      Plaintiff,               }
                               }      CIVIL ACTION NO.
v.                             }      11-AR-0370-S
                               }
NOLAND HEALTH SERVICES, INC.,  }
                               }
      Defendant.               }


**MEMORANDUM OPINION**

     After this court on December 1, 2011 referred to a magistrate judge the motion to compel filed on November 30, 2011, by defendant, Noland Health Services, Inc. ("Noland"), Magistrate Judge John E. Ott conducted a conference or conferences with the parties in which plaintiff, Constance P. Hawkins ("Hawkins"), agreed to be deposed by Noland, an event which occurred on December 12, 2011.  Nolan's motion to compel was then deemed moot.  Noland filed a motion for summary judgment on February 3, 2012, as to which this court entered a submission order on February 6, 2012, ordering Hawkins to respond to Noland's motion on or before 4:30 P.M. on February 24, 2012.  Hawkins has neither responded nor filed a request for an extension.

     Derived from the deposition of Hawkins, the declarations of John Heffner, with exhibits, and the declaration of Tina Shaw, with exhibits, there appear to be no disputes of material fact.

     The court will not undertake to explain further its conclusion that there are no disputes of material fact except to note that

Rule 56(c), F.R.Civ.P., clearly applies in light of Hawkins's failure to respond.  Rule 56(c)(1)(A) and (B) provides as follows:

> **(c) Procedures.**
>
> ***(1) Supporting Factual Positions.***  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Hawkins has not asserted much less pointed out a genuine issue of material fact.  She cannot rely merely upon the allegations of her complaint.  She has not complied with the express requirements of Rule 56(c)(1)(A) and (B).  Procedural rules are designed for a purpose as important as substantive rules.  The court is unwilling to forgive her default or to cajole her into filing something unsupportable and that she may not want to file.  In fact, her review of her own deposition may have caused her to concede procedurally defendant's motion for summary judgment.

An order granting defendant's motion for summary judgment will be entered by separate order.

2

DONE this 7th day of March, 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE